UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| AMANDA CARTER, § § § § Plaintiff, § § v. § § CHAD DUPUY, Individually, § SHERIFF JASON ARD, In His § Official Capacity as the Public Entity § Responsible for LIVINGSTON PARISH § SHERIFF'S OFFICE, § § Defendants. § | CIVIL ACTION NO.: 23-00069 JUDGE: deGRAVELLES MAGISTRATE JUDGE: DOOMES |

**FIRST AMENDED COMPLAINT**

NOW COMES AMANDA CARTER, Plaintiff herein, by and through undersigned counsel, who files this *First Amended Complaint* and would respectfully show this Court, the following:

**I. INTRODUCTION AND SUMMARY OF CLAIMS**

1. Amanda Carter is the mother of G.C., a person with significant cognitive and physical disabilities. On one occasion Ms. Amanda Carter went to pick up her daughter from school but without justification was not permitted to do so by the School Resource Officer ("SRO") Chad Dupuy, an officer with the Livingston Parish Sheriff's Office. In fact. during the process of this stop, Dupuy used unnecessary and excessive force, and injured Amanda in the process. He immediately knew so and even told Amanda that he would not file charges against her for resisting, if she in turn would not file a complaint against him. She refused and he filed criminal charges against her.

2. Accordingly, Amanda Carter sues the School Resource Officer Dupuy for unnecessary and

1

excessive force, contemplated by both the 4th and 14th Amendments to the United States Constitution, pursuant to 42 U.S.C. Section 1983. Further, such acts and omissions by Dupuy also give rise to state law claims for negligence, assault, and battery. In a related vein, Amanda Carter has a separate state law claim against Sheriff Ard for the acts, omissions and negligence of School Resource Officer Dupuy pursuant to the legal theory of *Respondeat Superior.*

## II. JURISDICTION

3. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C.A. §§ 1331 and 1343 because the matters in controversy arise under the Constitution and laws of the United States of America, and relevant federal regulations issued thereunder.

4. Additionally, this Court has jurisdiction over all state law claims pursuant to 28 U.S.C.A. §1367.

## III. VENUE

5. Venue is proper in this Court, as all events, acts and omissions that gave to Plaintiffs claims arose in this the Middle District of Louisiana.

## IV. PARTIES

6. Ms. Amanda Carter is an individual, of sound mind and over the age of majority, residing in Livingston Parish, Louisiana.

7. Defendant Chad Dupuy is sued in his 'Individual Capacity' who, at all times relevant to this action, was a Sheriff's Deputy and working for Sheriff Jason Ard, with the Livingston Parish Sheriff's Office. Defendant Dupuy is sued in his individual capacity for damages (punitive, actual, and nominal) and attorneys' fees/costs. Service has been accepted and/or waived by and through his counsel of record, the Honorable Druit G. Gremillion, Jr.,

General Counsel,

Livingston Parish Sheriff's Office, 20300 Government Blvd., P.O. Box 850 (Mailing), Livingston, LA 70754.

8. Defendant Sheriff Jason Ard, is sued in his Official or Representational Capacity as the entity responsible for the Livingston Parish Sheriff's Office. Plaintiff sues Sheriff Ard for damages (actual and nominal). Service has been accepted and/or waived by and through his counsel of record, the Honorable Druit G. Gremillion, Jr., General Counsel, Livingston Parish Sheriff's Office, 20300 Government Blvd., P.O. Box 850 (Mailing), Livingston, LA 70754.

## V. STATEMENT OF FACTS

A. ABOUT G.C., AMANDA CARTER AND FAMILY

9. G.C. was born in March of 2005. She is diagnosed with a Traumatic Brain Injury; Global Developmental Delay, weak muscle Contractures, Left Hemiplegia, Cerebral Palsy, a Behavior Disorder and is Legally Blind. As noted above she lives with her natural mother Amanda who is very, very protective of her daughter. G.C. has significant needs at home, in the community and at school. Not surprisingly there were occasional disagreements between Amanda and School District Staff over the care of G.C.

B. AMANDA CARTER IS A VICTIM OF EXCESSIVE FORCE BY A SRO

10. On one occasion mother complained to School District Personnel about a particular teacher who she believed was mistreating G.C. Shortly thereafter, a teacher contacted the Department of Child & Family Services ("DCFS") and reported that G.C. was being injured by her mother and adopted father. When Amanda went to pick her daughter up at school one afternoon, she was met with resistance School Resource Officer ("SRO")

3

Dupuy who would not permit her to enter the school property. He had no legal authority to restrain Amanda.

11. Worse yet, SRO Dupuy grabbed Amanda by the upper right arm, and forcefully shoved her out of the doorway of the school and threatened to arrest her. In the process Ms. Amanda Carter's wrist also hit the door. As a result of the shove and her wrist striking the door, Ms. Carter experienced injuries. Ms. Amanda Carter was unnecessarily handcuffed and put into a patrol car. Immediately her arm began to show bruising where he grabbed her and shoved her.

C. SRO DUPUY THREATENS AND RETALIATES AGAINST AMANDA

12. SRO Dupuy saw that Amanda required medical attention so he began trying to negotiate with her husband, Michael Carter who was then present. Dupuy stated that if Amanda agreed not to make a report about the incident and the injuries, everything would go away. If she did not agree he would continue to arrest her. Amanda would not agree. Later, she was falsely charged with 'Resisting An Officer, Disturbing The Peace- Offensive Words.'

D. AMANDA IS INJURED AND EXPERIENCES PAIN AND SUFFERING

13. By Saturday, her arm was black and blue and very painful to even a soft touch. She went to the emergency room and was put on three (3) different medications for that injury. Even so, by Saturday night, her left wrist continued to swell. By Sunday morning, it was much more swollen, still felt cold, was tingling and beginning to go numb. Apparently, the force was so significant that the bruising caused by her wrist hitting the door was putting pressure on her carpal tunnel which, in turn, was causing the cold feeling, tingling, and numbness. Luckily the X-rays showed that nothing was broken.

**VII. STATE ACTION**

14. Petitioner incorporates by reference as if fully set forth herein, all the above-related paragraphs, and equally all those paragraphs below, incorporate by reference as if fully set forth herein, the ones above it.

15. Defendant Dupuy in all matters, was acting under color of state law when he subjected Amanda Carter to the wrongs, injuries and injustices set forth herein.

16. The Livingston Parish Sheriff's Office was acting under color of state law when Deputy Dupuy subjected Amanda Carter to the wrongs, injuries and injustices set forth herein.

## VIII.  VIOLATIONS OF THE UNITED STATES CONSTITUTION SOLELY AS TO SRO DUPUY

A.  CLAIMS RELATED TO THE 4TH AMENDMENT TO THE US CONSTITUTION

17. Amanda Carter has a liberty interest in bodily integrity and constitutional right to be free from unnecessary and excessive restraints. Nevertheless, School Resource Officer Dupuy attempted to affix unnecessary restraints upon Amanda Carter, and in the process used excessive force and injured her thereby.

18. Such acts and omissions by SRO Dupuy was a moving force in violating her rights as contemplated by 4th Amendment of the Constitution of the United States, for which she seeks recovery against him in his Individual Capacity, pursuant to 42 U.S.C. §1983.

B.  CLAIMS RELATED TO THE 14TH AMENDMENT TO THE U.S. CONSTITUTION

19. Amanda Carter has a liberty interest in bodily integrity and constitutional right to be free from unnecessary and excessive use of force. Nevertheless, School Resource Officer Dupuy used excessive and unnecessary force against Ms. Carter.

20. Such acts and omissions by SRO Dupuy was a moving force in violating her rights as contemplated by 14th Amendment of the Constitution of the United States, for which she

seeks recovery against him in his Individual Capacity, pursuant to 42 U.S.C. §1983.

## IX. STATE LAW CLAIMS

A.  NEGLIGENCE

21. Equally, and likewise in addition to and in the alternative, Sheriff Ard and SRO Dupuy were negligent and violated theirs duty to provide reasonable public safety services to Amanda Carter and she was injured thereby.

22. Defendant Dupuy had a duty, as a law enforcement officer, to use only appropriate and necessary force.

23. By using excessive and wanton force, Dupuy breached his legal duty to Amanda.

24. The breach of their duty caused Amanda physical injury, pain and suffering, and emotional distress.

25. Dupuy's actions were the legal and proximate causes of Amanda's injuries.

26. Additionally, Amanda brings suit against Sheriff Jason Ard for negligence.

27. First, Sheriff Jason Ard is liable to Amanda under the theory of *respondeat superior*.

28. Second, Sheriff Jason Ard is liable to Amanda for his own negligence.

29. Upon information and belief, Sheriff Jason Ard failed to adequately screen Dupuy and/or performed inadequate vetting of his violent tendencies.

30. Upon information and belief, Sheriff Jason Ard failed to adequately train Dupuy on the appropriate use of force.

31. As a result of these failings, both defendants caused injury to Amanda.

32. Specifically, Sheriff Ard had a duty of care as to Amanda Carter.

33. Sheriff Ard breached its legal duty as to Ms. Carter.

34. The breach of its duty and resulting injury to Ms. Carter caused her emotional distress.

35. Their acts and omissions were the legal and proximate causes of both Carter's injuries.

36. Sheriff Ard is liable for the acts and omissions of Officer Dupuy under the theory of *Respondeat Superior*.

37. Ms. Carter seeks compensatory damages from Sheriff Ard.

38. Accordingly, Ms. Carter seeks damages under the common law theory of negligence.

B. ASSAULT AND BATTERY

39. As is set forth above, Dupuy used unnecessary and excessive force against Ms. Carter.

40. This force was not authorized by law or by Ms. Carter.

41. As such, Dupuy committed a battery on Ms. Carter.

42. The force was used by Dupuy occurred while he was in the employment of Sheriff Jason Ard; the use of force was a part of his job and the use of force occurred during his hours of employment.

43. Sheriff Jason Ard, and the Livingston Parish Sheriff's Department is thus liable to Ms. Carter under the theory of *Respondeat Superior*.

44. As a result of the battery she experienced, both defendants caused injury to Ms. Carter.

45. Ms. Carter seeks compensatory damages from both defendants for assault and battery.

## X. PROXIMATE CAUSE

46. Each and every one of the acts, omissions, and violations by Defendants described herein when taken separately and/or collectively, constitute a direct and proximate cause of Petitioners' injuries and damages set forth herein for which the Parish Schools and its Co-conspirators, are jointly and severally liable.

## XI. DAMAGES AND RELIEF REQUESTED

47. As a direct and proximate result of the Defendant's conduct, jointly and severally, Plaintiff suffered the above noted injuries and seek following damages, which she is entitled to recover herein, all within the jurisdictional limits of this court:

    a. Normal, incidental and nominal damages;

    b. Restitution including costs of cure;

    c. Reimbursement for past medical expenses, if any;

    d. Reimbursement for future medical expenses, if any;

    e. Reimbursement for past mental health expenses, if any;

    f. Reimbursement for future mental health expenses, if any;

    g. Damages for past pain and discomfort;

    h. Damages for future pain and discomfort;

    i. Reimbursement for costs related to past mental anguish;

    j. Reimbursement for costs related to future mental anguish;

    k. Actual pecuniary losses in the past due to the retaliation experienced;

    l. Actual pecuniary losses for a reasonable period in the future due to the retaliation experienced;

    m. As to all the claims, the various out-of-pocket expenses incurred by Plaintiff but for the acts and omissions of the Defendants;

    n. Punitive damages for constitutional claim;

    o. Attorneys fees and costs of litigation; and

    p. Any such further relief that the Court or a Jury, or both can give, whether as to law or in equity or as to both.

## XII.  PLAINTIFF'S REQUEST FOR TRIAL BY JURY AND PRAYER

Petitioner further prays for judgment against Sheriff Ard and SRO Dupuy, jointly and severally, in the manner and particulars noted above, and in an amount sufficient to fully compensate her for the elements of injuries enumerated herein, and for such other and further relief as the Court may deem just and proper in law, equity, or both.

Respectfully submitted this August 7, 2023.

/s/ Garret S. DeReus

ANDREW D. BIZER (LA # 30396)
GARRET S. DeREUS (LA # 35105)
ANNIKA MENGISEN (LA # 35524)
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996
Email: andrew@bizerlaw.com
       gdereus@bizerlaw.com
       annika@bizerlaw.com

***AND***

Mr. Martin J. Cirkiel, Esq.
Texas Bar No. 00783829
*Admitted *pro hac vice*
marty@cirkielaw.com [Email]
Cirkiel Law Group, P.C.
1901 E. Palm Valley Blvd.
Round Rock, Texas 78664
(512) 244-6658 [Telephone]
(512) 244-6014 [Facsimile]

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this the 7th day of August, 2023 a true and correct copy of the foregoing will be sent to counsel for defendants via EMAIL.

*/s/ Garret S. DeReus*
Garret S. DeReus